The PEOPLE of the State of Colorado, Complainant,

v.

Thomas Earl SCHAIBERGER, Attorney-Respondent.

No. 86SA316.

Supreme Court of Colorado, En Banc.

Jan. 26, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Cooper & Kelley, P.C., Daniel R. Christopher, Denver, for attorney-respondent.

ROVIRA, Justice.

Thomas E. Schaiberger, you appear before this court to receive a public censure for your professional misconduct. In a disciplinary proceeding before the Grievance Committee, you, your attorney, and the disciplinary prosecutor executed a stipulation in which you waived your right to a formal evidentiary hearing and admitted the essential facts underlying this proceeding. A panel of the Grievance Committee accepted the stipulation and recommended a public censure. We also accept the stipulation and now impose a public censure.

In 1984, you entered into a contingent fee agreement with Marie Schillerwein and represented her in a workmen's compensation case. In June 1985, a settlement of the claim was negotiated with the employer's insurance carrier in the amount of $2,296.55.

On July 8, 1985, Ms. Schillerwein signed the settlement agreement which was then sent to counsel for the insurance carrier. On July 23, 1985, you received the insurance company's check. On the same day, Ms. Schillerwein endorsed the check and asked you to pay certain medical bills out of the check proceeds.

Since you had previously closed your client trust account because of a dispute with the Internal Revenue Service, you deposited the check in your regular business account on July 24, 1985. On that same day, you issued checks to Ms. Schillerwein's creditors for medical services and also sent her a check in the amount of $738.38 for her share of the settlement.

When you returned from a vacation on August 5, 1985, you learned that two checks from clients that had previously been deposited in your business account had been returned by the bank and, accordingly, your account had been debited in the amount of $1,050.00.

On August 9, 1985, Ms. Schillerwein's mother called you concerning the settlement check. You suggested that they wait a few more days to see if the check arrived. On August 12, when your client had still not received the check, you placed a stop-payment order on it.

Due to insufficient funds in your bank account, you were not able to issue a replacement check immediately, and it was not until August 28, 1985, when you received fees from other clients, that you gave your client the money to which she was entitled.

You admitted that your system of accounts and record keeping was unorthodox and, as a result, between August 7 and August 27, 1985, the balance in your checking account fell below the amount of money that should have remained in the account for your client. Further, you commingled client funds with your own monies, and thereby negligently converted client funds.

The stipulation also reflects that you have now altered your record keeping system. First, you have opened a client trust account. Second, you now wait until sufficient funds are in your account before you write checks.

Mr. Schaiberger, we conclude that your conduct is a clear violation of DR 9–102(A) (funds of clients shall be deposited in a separate account) and DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

Accordingly, we accept the stipulation, including the agreement of the parties that a public censure is the appropriate discipline, and hereby publicly censure you for your conduct. This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility.

You are ordered to pay $44.09 in costs to the Supreme Court Grievance Committee, 600—17th Street, Suite 500 S, Denver, Colorado 80202–5435, within thirty days of this date.